UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT DOYLE, Individually,
and all others similarly situated,

    Plaintiff,

against

FLORIDA HEALTH SOLUTION, INC.,

    Defendant.

                              /

CASE No:

## CLASS ACTION COMPLAINT

## PLAINTIFF DEMANDS TRIAL BY JURY

### Introductory Statement

This is a nation-wide class action complaint for damages, injunctive relief, and all other available legal and equitable relief, resulting from the illegal actions of FLORIDA HEALTH SOLUTION, INC., in negligently and/or willfully contacting Plaintiff on Plaintiff's residential telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.

Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. Voluminous consumer complaints about abuses of telephone technology, for example, computerized calls dispatched to private homes prompted Congress to pass the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

## Jurisdiction and Venue

1. This Court has federal question jurisdiction because this caes arises out of violations of federal law 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

2. Venue is proper in this district pursuant to 18 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claims herein occurred in this district; Plaintiff is a resident of Morris County, New Jersey; and received some of the calls in Morris County and some in Passaic County, both of which fall within this district.

## Parties

3. Plaintiff, Robert Doyle, is, and at all times mentioned herein was, a citizen and resident of Morris County, State of Jersey.

4. Plaintiff is a natural person as defined by 47 U.S.C. § 153(39).

5. Plaintiff is an attorney admitted to practice in the State of New York.

6. Defendant is a corporation formed under the laws of Florida.

7. Defendant's main address is 7350 NW 7th street, Suite 204, Miami, Florida, 33126.

## Facts

8. Defendant, was at all relevant times in the business of selling a health savings and/or health insurance policy.

9. So far, on twenty four (24) occasions, Plaintiff received robo calls on his personal cell phone, by an automated telephone dialing system using a prerecorded voice, as defined by 47 U.S.C. §§227(a)(1) and (b)(1)(B) ("ROBO Calls"), offering Doyle Defendant's retail health savings product..

10. The Robo Calls were for commercial purposes and did not constitute an emergency.

11. The Robo Calls violated 47 U.S.C. §(b)(1)(B).

12. On each of the Robo Calls, eventually a person came to the phone and spoke to Doyle in Spanish.

13. Lillian Ganci, Doyle's wife, also spoke with many of Defendant's representatives because Ganci speaks Spanish better than does Doyle.

14. During several of these Robo Calls, Defendant's representatives told Ganci that the name of the company they represent is Florida Health Solution..

15. Doyle had no prior relationship whatever with Defendant and never gave Defendant his personal information prior to the Robo Calls.

### Class Action Allegations

16. Plaintiff brings this class action on behalf of himself and all others similarly situated (the "Class").

17. Plaintiff represents, and is a member of, the CLASS, consisting of:

> All persons within the United States who received messages soliciting Defendant's services, from Defendant or its agents, to said person's residential or cell telephone, initiated by Defendant through the use of an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

18. Defendant and its employees and agents are excluded from the CLASS.

19. Plaintiff does not know the number of members of the CLASS but believes the number of CLASS members to be in the tens of thousands.

20. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

21. Plaintiff and CLASS members were harmed by the acts of the Defendant, either directly or through its agents, by being illegally contacted on their residential phone numbers by Robo Calls, thereby invading the privacy of Plaintiff and the CLASS members, and violated their right to be free from unwanted telemarketing calls.

22. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the CLASS, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the CLASS definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23. The joinder of the CLASS members is impractical and the disposition of their claims in the CLASS action will provide substantial benefits both to the parties and to the court.

24. The CLASS can be identified through the records of each of the Defendant, and/or the records or its agents.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

26. The questions of law and fact to the CLASS predominate over questions which may affect individual CLASS members, including the following:

    a    Whether, within the four years prior to the filing of this Complaint, Defendant or its Agents initiated and placed telephone calls (for non-emergency purposes or without the prior express consent of the called party) to the residential telephones of Plaintiff or CLASS members, to deliver a message, using an artificial or prerecorded voice;

    b.    Whether Plaintiff and the CLASS members were damaged thereby, and the extent of damages for such violations; and

    c.    Whether Defendant and its respective agents should be enjoined from engaging in such conduct in the future.

27. As a person that received calls and solicitation messages from Defendant via an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the CLASS.

28. Plaintiff will fairly and adequately represent and protect the interests of the CLASS in that Plaintiff has no interests antagonistic to any member of the CLASS.

29. Plaintiff and the members of the CLASS have all suffered irreparable harm as a result of the Defendant' unlawful and wrongful conduct.

30. Absent a class action, the CLASS will continue to face the potential for irreparable harm.

31. Additionally, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

32. Because of the size of the individual CLASS member's claims, few, if any, CLASS members could afford to seek legal redress for the wrongs complained of herein.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law.

35. The interest of CLASS members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal ($1,500.00 per call).

36. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. Defendant has acted, and failed to act, on grounds generally applicable to the Class.

## COUNT I
### Negligent Violation of The TCPA 47 U.S.C. §227 ET SEQ

38. Plaintiff re-alleges and adopts, as if fully set forth herein, all preceding allegations.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the CLASS are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and the CLASS are also entitled to and seek injunctive relief prohibiting such conduct in the future.

Wherefore, Plaintiff Prays for:

a. for $500.00 for each and every violation of 47 U.S.C. § 227(b)(1) pursuant to 47 U.S.C. § 227(b)(3)(B);

b. injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and

c. any further relief this court deems just, proper, and equitable.

## COUNT II
### Knowing and/or Wilful Violations of the TCPA 47 U.S.C. §227 ET SEQ

42. Plaintiff re-alleges and adopts, as if fully set forth herein, all preceding allegations.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or wilful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant' knowing and/or wilful violations of 47 U.S.C. § 227 et seq, Plaintiff and the CLASS are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

45. Plaintiff and the CLASS are also entitled to and seek injunctive relief prohibiting such conduct in the future.

Wherefore, Plaintiff Prays for:

a. for $1,500.00 for each and every knowing and/or wilful violation of 47 U.S.C. § 227(b)(1) pursuant to 47 U.S.C. §§ 227(b)(3)(B) and (b)(3)(C);

b. injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and

c. any further relief this court deems just, proper, and equitable.

**Pursuant to the Seventh Amendment to the Constitution, Plaintiff is entitled to and hereby demands trial by jury.**

WHEREFORE, PLAINTIFF DEMANDS:

a. $1,500.00 to himself and each member of the CLASS for each and every Robo Call made to each CLASS member;

b. injunctive relief prohibiting each and every Defendant and its agents from making any further violations of 47 U.S.C. §227; and

c. such other relief this Court finds just, proper, and equitable.

Dated: November 27, 2017

*[signature]*

Robert Doyle, Esq.
26 Netcong Avenue, Apartment #9
Netcong, NJ 07857